**The relief described hereinbelow is SO ORDERED.**

**SIGNED this 9th day of June, 2016.**



_____
Robert D. Berger
United States Bankruptcy Judge
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **TANISHA EVON HUNTER,** | **Case No. 15-21892** |
| Debtor. | Chapter 13 |

| | |
|---|---|
| **STATE OF KANSAS DEPARTMENT OF LABOR,** | |
| Plaintiff, | |
| v. | **Adversary No. 15-06112** |
| **TANISHA EVON HUNTER,** | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant moves to dismiss the instant proceeding under Fed. R. Bank. P. 7012 and Fed. R. Civ. P. 12(b)(4).[1] The parties appear by counsel.[2] The Court grants Defendant's motion because Plaintiff's complaint was not timely filed under Fed. R. Bankr. P. 4007(c) and there are no grounds for an extension under Fed. R. Bankr. P. 4007(c) or Fed. R. Civ. P. 15.

---

[1] Doc. 16.
[2] Plaintiff, State of Kansas Department of Labor, appears by its attorney, Thomas Britt Nichols, Topeka, KS. Defendant, Tanisha Evon Hunter, appears by her attorney, Hilliard L. Moore, Lenexa, KS.

16.06.09 Order Granting MTD

## VENUE AND JURISDICTION

This Court has jurisdiction over the parties and the subject matter pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Amended Standing Order of Reference of the United States District Court for the District of Kansas that exercised authority conferred by 28 U.S.C. § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective June 24, 2013.[3]  Furthermore, this Court may hear and finally adjudicate this matter because it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).  The parties do not object to venue or jurisdiction.

## BACKGROUND

On November 23, 2015, the last day to file a 11 U.S.C. § 523(c)[4] complaint to determine dischargeability of a debt, the Kansas Department of Labor (Plaintiff) attempted to initiate an adversary proceeding against Tanisha Evon Hunter (Defendant) for a finding that its claim against Defendant for fraudulently receiving unemployment benefit overpayments was nondischargeable under §§ 523(a)(2), (c)(1) and 1328.  Plaintiff filed a Main Document, Exhibit, and Covef [sic] Sheet with the Court under the heading Complaint.[5]  However, Plaintiff's filings did not contain a complaint—only two copies of an insufficient cover sheet and an exhibit.  Plaintiff also requested the issuance of a summons.[6]

On November 24, 2015, the Clerk of the Court issued three orders to correct defective pleadings because Plaintiff: (a) did not include the complaint; (b) did not complete the cover sheet; (c) did not complete the summons; and (d) did not pay the 28 U.S.C. § 1930 filing fee.[7]

---

[3] D. Kan. Standing Order No. 13-1, *printed in* D. Kan. Rules of Practice and Procedure at 168 (March 2016).
[4] All future statutory references are to the Bankruptcy Code (Code), as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), 11 U.S.C. §§ 101–1532, unless otherwise specifically noted.
[5] Doc. 1.
[6] Doc. 3.
[7] Doc. 4–6.

On November 28, 2015, Plaintiff filed a second request for the issuance of a summons[8] and the Clerk of the Court issued a summons on November 30, 2015, requiring an answer by December 30, 2015.[9] The filing fee was paid on November 30, 2015.

On December 2, 2015, Plaintiff filed a pleading titled Support Document.[10] In actuality, Plaintiff's Support Document is Plaintiff's complaint.

On January 7, 2016, Defendant filed a motion to dismiss under Fed. R. Civ. P. 12(b)(4) and (6) and Fed. R. Bankr. P. 7012.[11] Defendant asserts that Plaintiff did not properly commence the instant adversary action because: (a) no complaint was ever formally filed; (b) the earliest the action arguably commenced was December 2, 2015—when Plaintiff's Support Document was filed; and (c) the November 30, 2016, summons was improper because no complaint was on file with the Court on November 30, 2016.[12] Defendant requests dismissal for insufficient process under Fed. R. Civ. P. 12(b)(4) because the instant action is time barred under Fed. R. Civ. P. 12(b)(6) since Plaintiff did not commence these proceedings before the November 23, 2015, deadline to challenge the dischargeability of certain debts.[13] Alternatively, Defendant seeks the Court's permission to file a response out of time.

On January 19, 2016, Plaintiff responded arguing that the Defendant relies on facts that "do not conform to [the] requirement for establishing uncontroverted facts to permit the Court to entertain a fact-based dismissal . . . ."[14] Plaintiff asserts that "bankruptcy filings are limited and constrained to the (almost always) accurate functioning of on-line digital transmission *via*

---

[8] Doc. 7.
[9] Doc. 8.
[10] Doc. 11.
[11] Doc. 16. Hereinafter, Fed. R. Bankr. P. is referred to as Bankruptcy Rule.
[12] Doc. 16, at 2.
[13] *Id*. at 3. With the exception of § 523(a)(6), this is the § 523(c) deadline. FED. R. BANKR. P. 4007(c) and (d).
[14] Doc. 17, at 1.

CM/ECF."[15] Plaintiff blames several technical blunders for failing to meet the November 23, 2015, filing deadline. First, the dischargeability complaint on Plaintiff's sending computer did not attach but was somehow, in the filing process, substituted with the aforementioned insufficient cover sheet.[16] Second, Plaintiff's firewall system when working from outside the office and line-latency are responsible for the failure of the complaint to be the initial filing in CM/ECF and the blank appearance of the filed forms.[17] Plaintiff does not contest that an actual complaint was not filed on November 23, 2015, and admits that the complaint on Plaintiff's sending computer did not attach and "the forms appear blank in essential items."[18]

Nevertheless, Plaintiff feels these failures are not detrimental to its claims because: (a) the Clerk's orders to correct defective pleadings serve to provide a curative opportunity to bring filings in conformity with applicable rules and should relate back to the November 23, 2015, starting point; (b) any defects were cured because Defendant does not assert that she has not learned of the basis of Plaintiff's complaint or was not actually served;[19] (c) the Bankruptcy Rules merely state that the complaint served be the same as the complaint filed;[20] (d) Defendant has not suffered any prejudice by the timing of the foregoing events and future potential beneficiaries would be prejudiced if the foregoing complaint were dismissed based on technical difficulties;[21] (e) the interests of justice weigh in favor of not dismissing the instant case;[22] and (f) the Defendant should have additional time to answer or respond to the complaint.[23]

## ANALYSIS

---

[15] *Id*. (italics in original). This assertion is misplaced as the option of physically filing papers at the courthouse still exists.
[16] *Id*. at 2.
[17] *Id*. at 3.
[18] *Id*. at 2.
[19] *Id*. at 3–4.
[20] *Id*. at 4.
[21] *Id*. at 4–5.
[22] *Id*. at 5.
[23] *Id*.

In bankruptcy proceedings, Bankruptcy Rule 4007(a) allows a creditor to commence an adversary proceeding by "fil[ing] a complaint to obtain a determination of the dischargeability of any debt."[24] A complaint is the essential element that commences a civil action.[25] Bankruptcy Rule 4007(c) specifies the time for filing complaints under § 523(c) in Chapter 13 cases. That Rule provides in pertinent part as follows:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). . . . On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired.*[26]

Bankruptcy Rule 4007(c) sets a strict deadline to dispute the dischargeability of certain debts. The deadline can only be extended for cause, after a hearing, if a motion is filed *before* the deadline expires. The deadline is strictly enforced. In *In re Nondorf*, a Kansas Bankruptcy Court dismissed a § 523 complaint filed *four minutes late*.[27] Further, Bankruptcy Rule 9006(b)(1) allowing late filings for "excusable neglect"[28] is not applicable because 9006(b)(3) provides that an extension under 4007(c) may be granted only to the extent and under the conditions stated in 4007(c).[29]

Plaintiff unsuccessfully attempted to initiate the instant action on November 23, 2015, by filing two copies of an insufficient cover sheet and an exhibit. A timely filed cover sheet cannot be treated as a substitute for a complaint so as to render a complaint timely.[30] These

---

[24] FED. R. BANKR. P. 4007(a).
[25] FED. R. CIV. P. 3 made applicable to adversary proceedings by FED. R. BANKR. P. 7003.
[26] FED. R. BANKR. P. 4007(c) (emphasis added). Here, the deadline was November 23, 2015.
[27] Yarnevich & Williamson, Chtd. v. Nondorf (*In re* Nondorf), 2008 WL 544502 (Bankr. D. Kan. Feb. 27, 2008).
[28] Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380 (1993).
[29] FED. R. BANKR. P. 9006(b)(3). *See also In re* Tench, 2016 WL 2858792 (B.A.P. 6th Cir. May 11, 2016) (disallowing excusable neglect as grounds to have a claim filed after the bar date in Chapter 13 cases).
[30] 6 BANKR. SERV. L. ED. § 54:195 (Apr. 2016); KBHS Broadcasting Co., Inc. v. Sanders (*In re* Bozeman), 226 B.R. 627, 632 (B.A.P. 9th Cir. 1998) (adversary cover sheet filed before the final deadline for filing dischargeability complaints does not constitute pleading); Schmidt v. Goscicki (*In re* Goscicki), 207 B.R. 893, 896 (B.A.P. 9th Cir. 1997) (adversary cover sheet insufficient to operate as complaint); Wood v. Jasperson (*In re* Jasperson), 116 B.R. 740, 745 (Bankr. S.D. Cal. 1990) (adversary cover sheet is not a substitute for required pleadings).

documents do not meet the requirements of a complaint as set out in Bankruptcy Rules 7008 and 7010. Plaintiff's filings did not contain: (a) a statement that the proceeding is core or non-core; (b) a short and plain statement of the claim showing that the pleader is entitled to relief; or (c) a demand for the relief sought. Plaintiff must comply with Bankruptcy Rule 7009 because it seeks a judgment of nondischargeability for fraud under § 523. Rule 7009 requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."[31] Plaintiff's initial filing did include an exhibit outlining Plaintiff's audit finding that Defendant "willfully and knowingly made false representations to receive benefits not due . . . ."[32] However, this exhibit does not cure Plaintiff's noncompliance with Rules 7008 and 7010. Plaintiff's filing of an incomplete cover sheet does not act as a substitute for the filing of a complaint. Thus, Plaintiff's initial filings are substantively and procedurally insufficient because they contain few, if any, elements allowing the Court to treat the November 23, 2015, filings as a complaint.

Ultimately, Plaintiff filed its § 523 complaint nine days late on December 2, 2015. The 60-day deadline for filing such complaints expired on November 23, 2015, because Debtor's original § 341 meeting was scheduled for September 23, 2015. Plaintiff now urges this Court to consider its late-filed complaint despite Plaintiff's failure to comply with Bankruptcy Rule 4007(c). "There is [generally] no discretion to allow a late-filed complaint unless a motion to extend the deadline has been filed prior to the expiration of the specified time period."[33] However, at least one court allowed a late-filed complaint when the initial complaint was not

---

[31] FED. R. CIV. P. 9 made applicable to adversary proceedings through FED. R. BANKR. P. 7009.
[32] Doc. 1-1, at 1.
[33] *In re* Yohler, 127 B.R. 492, 493 (Bankr. S.D. Fla. 1991) (citing Byrd v. Alton, 837 F.2d 457, 459 (11th Cir. 1988); Neeley v. Murchison, 815 F.2d 345 (5th Cir. 1987); Loma Linda Univ. Med. Ctr. v. Neese (*In re* Neese), 87 B.R. 609 (B.A.P. 9th Cir. 1988); Garza v. Remund (*In re* Remund), 109 B.R. 492 (Bankr. M.D. Fla. 1990); *In re* Cintron, 101 B.R. 785 (Bankr. M.D. Fla. 1989)).

accompanied by a cover sheet or filing fee.[34] In *Cosper*, the clerk received the complaint before the deadline, but returned it for failure to include a cover sheet and payment of the filing fee. The instant case is distinguishable because the Clerk of the Court did not received a complaint with the attempted initial filing before the November 23, 2015, deadline.

Plaintiff suggests that a late filed complaint relates back to a bungled initial filing.[35] Here, there can be no relation back because there was no initial complaint. Under Fed. R. Civ. P. 15(c)(1):

> An amendment to a pleading relates back to the date of the original pleading when: (A) the law that provides the applicable statute of limitations allows relation back; (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or (C) the amendment changes the party or the naming of the party against whom a claim is asserted . . . .

The lynchpin in Fed. R. Civ. P. 15(c)(1) provisions is that all require an initial pleading—something that did not exist in this case until December 2, 2015. An amended pleading may relate back to the date of the original pleading if the claims in the amended pleading "arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."[36] The initial filings were so bare that, even if construed as an original pleading, they did not sufficiently described the "conduct, transaction, or occurrence."

Plaintiff requests the case not be dismissed to prevent fraud or injustice. This assertion suggests the Court act under its inherent § 105(a) equitable authority. However, § 105(a) does not give this Court authority to extend the Bankruptcy Rule 4007(c) deadline under these circumstances. Section 105(a) authorizes courts to "issue any order, process, or judgment that is

---

[34] Cosper v. Frederick, 73 B.R. 636 (Bankr. N.D. Fla. 1986).
[35] Plaintiff cites to Pfeiffer v. Rand (*In re* Rand), 144 B.R. 253 (Bankr. S.D.N.Y. 1992), and Gamble v. Mendenhall (*In re* Mendenhall), 2014 WL 4494811 (Bankr. S.D. Ala. Sept. 10, 2014). Doc. 17, at 3–4. However, these cases involve *pro se* creditors and are factually distinguishable.
[36] FED. R. CIV. P. 15(c)(1).

necessary or appropriate to carry out the provisions of this title."[37] "It is hornbook law that § 105(a) does not allow the bankruptcy court to override explicit mandates of other sections of the Bankruptcy Code. Section 105(a) confers authority to 'carry out' the provisions of the Code, but it is quite impossible to do that by taking action that the Code prohibits."[38] The Code and Bankruptcy Rules provide that untimely complaints are disallowed. Section 105(a) may not be employed in contradiction of the Code and Bankruptcy Rules to allow late-file complaints, even under the weight of equity.

## CONCLUSION

Counsel failed by waiting until the last business day to attempt an adversary filing. "Prudent lawyers act sooner, so that Murphy's Law will not undermine a client's interests."[39] Counsel did not present any information as to why he could not have acted sooner so that he could recover from any gaffe.

**IT IS ORDERED** that Defendant's motion to dismiss is granted because Plaintiff's complaint was not timely filed under Fed. R. Bankr. P. 4007(c) and there are no grounds for an extension under Fed. R. Bankr. P. 4007(c) or Fed. R. Civ. P. 15.

**IT IS SO ORDERED.**

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

---

[37] § 105(a).
[38] *In re* Mackinder-Manous, 2015 WL 790883, at *6 (Bankr. E.D. Ky. Feb. 24, 2015) (citing Law v. Siegel, 134 S. Ct. 1188, 1194 (2014)).
[39] Johnson v. McBride, 381 F.3d 587, 589 (7th Cir. 2004).